IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JORDAN GRIFFIN and CHERYL PURDUE, | ) ) ) | CIVIL NO 08-00242 ACK-LEK |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| JTSI, INC., ET AL., | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

**REPORT OF SPECIAL MASTER ON PLAINTIFFS'
OBJECTIONS TO DEFENDANT JTSI, INC.'S
NOTICE OF BILL OF COSTS, FILED SEPTEMBER 2, 2009**

Before the Court, pursuant to a designation by Senior United States District Judge Alan C. Kay, are Plaintiffs Jordan Griffin and Cheryl Purdue's (collectively "Plaintiffs") Objections to Defendant JTSI, Inc.'s Notice of Bill of Costs, Filed September 2, 2009 ("Objections"), which Plaintiffs filed on September 15, 2009.  In accord with Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.  After reviewing the parties' submissions, the Court FINDS AND RECOMMENDS that Plaintiffs' Objections be GRANTED IN PART AND DENIED IN PART. The Court RECOMMENDS that the district judge tax costs in favor of JTSI and against Plaintiffs in the amount of $2,094.19.

## BACKGROUND

From 2004 to 2005, Plaintiffs worked as security personnel for Defendant JTSI, Inc. ("JTSI") at the Visitor Control Center ("VCC") of the Nimitz-MacArthur Command Center, United States Pacific Command.  JTSI provided security personnel for the VCC pursuant to a subcontract under which the United States had the authority to control JTSI's performance.  [Order Granting Def. United States's Mtn. to Dismiss & Granting Def. JTSI's Second Mtn. for Summary Jdgmt., filed 07/28/09 (dkt. no. 75) ("July 28, 2009 Order"), at 4-5, 8.]  On April 1, 2005, Plaintiffs were removed from the subcontract at the government's request and were ultimately terminated because JTSI did not have any open positions elsewhere.  [Id. at 16.]  Plaintiffs allege that they were wrongfully terminated because they complained about certain security violations at the VCC.

Plaintiffs initially filed this action in state court. Plaintiffs filed their First Amended Complaint on March 18, 2008 against JTSI and Defendant Lee Hayashi.[1]  It alleged the following claims: violation of the state Whistle Blowers' Protection Act against JTSI and Defendant Hayashi ("Count I"); wrongful termination in violation of public policy against JTSI

---

[1] Defendant Hayashi, a government official, was the Command Security Officer at the VCC. [July 28, 2009 Order at 6.]  He, *inter alia*, ultimately requested that Plaintiffs be removed from their positions at the VCC. [Id. at 15.]

and Defendant Hayashi ("Count II"); intentional infliction of
emotional distress against Defendant Hayashi ("Count III");
negligent infliction of emotional distress against Defendant
Hayashi ("Count IV"); and interference with prospective economic
advantage against Defendant Hayashi ("Count V").

On May 23, 2008, Defendant Hayashi removed the action
to federal court pursuant to 28 U.S.C. § 1442(a)(1).  Defendant
Hayashi also gave notice that, upon removal, the United States of
America ("United States") would be substituted as the defendant
because he was acting within the course and scope of his
employment during the events at issue in the case.  [Notice of
Removal of Civil Action, filed 05/23/08 (dkt. no. 1), at ¶¶ 4-6.]

On June 13, 2008, JTSI filed a motion for summary
judgment on Counts I and II of the First Amended Complaint
("June 13, 2008 MSJ").  The district judge denied the June 13,
2008 MSJ on November 6, 2008.

On December 17, 2008, Plaintiffs filed a Second Amended
Complaint, adding a claim against the United States for negligent
hiring, training and/or supervision.  On March 31, 2009, the
Unites States moved to dismiss the Second Amended Complaint, and
on April 1, 2009, JTSI filed a motion for summary judgment on
Counts I and II of the Second Amended Complaint.  The district
judge granted both motions in the July 28, 2009 Order.  On
August 3, 2009, the Clerk of the Court entered final judgment in

favor of JTSI and the United States pursuant to the July 28, 2009
Order.

In the instant Bill of Costs, JTSI seeks the taxation
of the following costs:

| | |
|---|---|
| Fees of the court reporter | $3,673.34 |
| Fees and disbursements for printing | $1,794.07 |
| **Total** | **$5,467.41** |

[Bill of Costs at 1.]  JTSI seeks the costs of the deposition
transcripts for: Jordan Griffin, Cheryl Perdue, Ron Jarrett,[2] and
Lee Hayashi.  [Mem. in Supp. of Bill of Costs at 1-2.]  JTSI
attached the court reporters' invoice for each deposition.  [Bill
of Costs, Aff. of Corianne W. Lau ("Lau Decl."), Exh. A.]  In
support of its request for copying costs, JTSI submitted redacted
portions of its attorneys' billing statements showing counsel's
in-house copying charges, as well as invoices from commercial
copying vendors.  [Exh. B to Lau Decl.]

In their Objections, Plaintiffs argue: it would be
inequitable to tax costs against them because they did not seek
an award of costs when they prevailed on JTSI's motions for
summary judgment in the state court prior to removal and on the
June 13, 2008 MSJ; there is no basis for the taxation of an
expedited transcript of Mr. Hayashi's deposition; and JTSI's

---

[2] Ron Jarrett was the vice president for JTSI and he, *inter
alia*, participated in the investigation into Plaintiffs' reports
of security violations.  [July 28, 2009 Order at 12.]  Mr.
Hayashi requested Plaintiffs' removal in an e-mail to Mr.
Jarrett.  [Id. at 15.]

request for copying costs does not comply with Local Rule 54.2(f)4.

**DISCUSSION**

**I.    Entitlement to Costs**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  On August 3, 2009, the Clerk of the Court entered final judgment in favor of JTSI and the United States on all counts.  This Court therefore finds that JTSI is a prevailing party for purposes of Rule 54(d)(1).

A district court may exercise discretion in allowing or disallowing reimbursement of the costs of litigation, but it may not tax costs beyond those enumerated in 28 U.S.C. § 1920.  See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-42 (1987), superseded on other grounds, 42 U.S.C. § 1988(c). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920."  Frederick v. City of Portland, 162 F.R.D. 139, 142 (D. Or. 1995) (citing Alflex Corp. v. Underwriters Lab., Inc., 914 F.2d 175, 177 (9th Cir. 1990) (per curiam)).  Section 1920 enumerates the following costs:

(1)  Fees of the clerk and marshal;
(2)  Fees for printed or electronically recorded

5

transcripts necessarily obtained for use in
the case;
(3)   Fees and disbursements for printing and
witnesses;
(4)   Fees for exemplification and the costs of
making copies of any materials where the
copies are necessarily obtained for use in
the case;
(5)   Docket fees under section 1923 of this title;
(6)   Compensation of court appointed experts,
compensation of interpreters, and salaries,
fees, expenses, and costs of special
interpretation services under section 1828 of
this title.

28 U.S.C. § 1920.

Plaintiffs' first objection is that it would be

inequitable to tax costs against them because they never sought

an award of costs when they prevailed over JTSI on three summary

judgment motions in the state court and on the June 13, 2008 MSJ

in federal court.  Plaintiffs, however, point to no legal

authority which would have entitled them to seek and award of

costs associated with those motions.  Federal Rule of Civil

Procedure 56(g) states: "If satisfied that an affidavit under

this rule is submitted in bad faith or solely for delay, the

court must order the submitting party to pay the other party the

reasonable expenses, including attorney's fees, it incurred as a

result."  However, there is no indication that Rule 56(g) was

applicable in this case.  Plaintiffs' conclusory argument that

"by custom and courtesy such costs are normally not sought",

[Objections at 2,] does not overcome Rule 54(d)'s presumption

that the party who ultimately prevails in the action is entitled

to taxable costs.

This Court therefore RECOMMENDS that Plaintiffs'
Objections be DENIED as to their argument that it would be
inequitable to tax costs against them.

## II.  Calculation of Costs

### A.  Expedited Transcript

JTSI's request for deposition transcript costs consists
of the following:

| | |
|---|---:|
| Original and one copy of Jordan Griffin's deposition | $  783.30 |
| Original and one copy of Cheryl Perdue's deposition | $  955.38 |
| Original and one copy of Ron Jarrett's deposition | $  355.51 |
| Expedited Transcript of Lee Hayashi's deposition | <u>$1,579.15</u> |
| **Total** | **$3,673.34** |

[Exh. A to Lau Decl.]

> Local Rule 54.2(f)(2) states, in pertinent part:
>
> The cost of a stenographic and/or video original
> and one copy of any deposition transcript
> necessarily obtained for use in the case is
> allowable.  A deposition need not be introduced in
> evidence or used at trial, so long as, at the time
> it was taken, it could reasonably be expected that
> the deposition would be used for trial
> preparation, rather than mere discovery.

Plaintiffs do not appear to dispute that the depositions at issue
were reasonably expected to be used for trial preparation and not
for mere discovery.  They only argue that the cost to expedite
Mr. Hayashi's deposition transcript is not taxable.  [Objections
at 3.]

Based on this Court's knowledge of the instant case,
the Court finds that the transcripts of the four depositions were

7

reasonably expected to be used for trial preparation and not for mere discovery. The cost of the original transcript and one copy of each transcript is therefore taxable. Thus, this Court FINDS that JTSI's expenses for the transcripts of Plaintiffs' and Mr. Jarrett's depositions are taxable in full.

The expedited transcript of Mr. Hayashi's deposition, however, is not taxable. Expedited copies are only taxable if, for example, they were "necessary because the transcript was essential for questioning in other depositions to follow[.]" <u>See</u> <u>United States v. Davis</u>, 87 F. Supp. 2d 82, 90 (D.R.I. 2000). JTSI has not established that Mr. Hayashi's deposition transcript was needed on an expedited basis. Thus, although the cost of the original and one copy of his deposition transcript is taxable, any additional cost for the expedited service is not. The Court is unable to determine how much of the invoice is attributable to expedited fees. This Court therefore RECOMMENDS that the district judge GRANT Plaintiffs' Objections as to the expedited transcript of Lee Hayashi's deposition.

The Court RECOMMENDS that the district judge GRANT JTSI's request as to Plaintiffs' and Ron Jarrett's deposition transcripts and tax $2,094.19 against Plaintiffs. The Court further RECOMMENDS that the district judge DENY JTSI's request as to Lee Hayashi's expedited transcript WITHOUT PREJUDICE and allow JTSI to submit an amended bill of costs with a supplemental

affidavit and/or documents justifying its costs.  JTSI advisably

should exclude any expedited fees unless it can establish that

the expedited services were necessary under the terms of Local

Rule 54.2(f)(2).  This Court cautions JTSI that it will recommend

denial with prejudice if the amended bill of costs fails to

address the issues identified in this report.

      **B.**   **Copying Costs**

      JTSI seeks a total of $1,794.07 in copying costs.  Of

this amount, $82.37 is attributable to commercial copiers and the

remainder is for counsel's in-house copying.  [Mem. in Supp. of

Bill of Costs at 2-3.]  Plaintiffs object to JTSI's copying costs

because the request does not comply with the requirements of

Local Rule 54.2(f)(4).  [Objections at 3-4.]

      Local Rule 54.2(f)(4) states:

> The cost of copies necessarily obtained for use in
> the case is taxable provided the party seeking
> recovery submits an affidavit describing the
> documents copied, the number of pages copied, the
> cost per page, and the use of or intended purpose
> for the items copied.  As of the effective date of
> these rules, the practice of this court is to
> allow taxation of copies at $.15 per page or the
> actual cost charged by commercial copiers,
> provided such charges are reasonable.  The cost of
> copies obtained for the use and/or convenience of
> the party seeking recovery and its counsel is not
> taxable.

JTSI submitted an affidavit stating that its costs "were

necessarily incurred".  [Lau Aff. at ¶ 7.]  JTSI, however, did

not address the specific requirement that copies cannot be for

the use and/or convenience of the party and its counsel, nor did JTSI address the other requirements of Local Rule 54.2(f)(4).

In light of JTSI's inadequate information, this Court cannot find that JTSI's copying costs are taxable.  This Court therefore RECOMMENDS that the district judge GRANT Plaintiffs' Objections as to JTSI's copying costs.  The Court RECOMMENDS that the district judge DENY JTSI's request WITHOUT PREJUDICE and allow JTSI to submit an amended bill of costs with a supplemental affidavit and/or documents addressing all of the requirements of Local Rule 54.2(f)(4).  This Court cautions JTSI that it will recommend denial with prejudice if the amended bill of costs does not fully address the requirements of Local Rule 54.2(f)(4).

## CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, HEREBY FINDS AND RECOMMENDS that Plaintiffs' September 15, 2009 Objections to Defendant JTSI, Inc.'s Notice of Bill of Costs, Filed September 2, 2009, be GRANTED IN PART AND DENIED IN PART.  This Court RECOMMENDS that the district judge tax costs against in favor of JTSI and against Plaintiffs in the amount of $2,094.19 for the transcripts of Plaintiffs' and Ron Jarrett's depositions.  This Court RECOMMENDS that the remainder of JTSI's request be DENIED WITHOUT PREJUDICE and that the district judge allow JTSI to file an amended bill of costs within thirty days after the district judge rules upon this Court's

report.

        IT IS SO FOUND AND RECOMMENDED.

        DATED AT HONOLULU, HAWAII, December 1, 2009.



        /S/ Leslie E. Kobayashi
        Leslie E. Kobayashi
        United States Magistrate Judge

**JORDAN GRIFFIN, ET AL V. JTSI, INC., ET AL; CIVIL NO 08-00242 ACK-LEK; REPORT OF SPECIAL MASTER ON PLAINTIFFS' OBJECTIONS TO DEFENDANT JTSI, INC.'S NOTICE OF BILL OF COSTS, FILED SEPTEMBER 2, 2009**